2006 WY 67

**BOARD OF PROFESSIONAL RE-
SPONSIBILITY, WYOMING
STATE BAR, Petitioner,**

v.

**Ken M. McLAUGHLIN, Respondent.**

No. D–05–3.

Supreme Court of Wyoming.

May 31, 2006.

ORDER SUSPENDING ATTORNEY FROM
THE PRACTICE OF LAW

This matter came before the Court upon a "Report and Recommendation to the Wyoming Supreme Court," filed herein May 16, 2006, by the Board of Professional Responsibility for the Wyoming State Bar. After a careful review of the Board of Professional Responsibility's Report and Recommendation, the materials attached thereto, the Respondent's Section 16 Affidavit, the Affidavit of Costs and Expenses, and the remainder of the file, this Court finds that the Report and Recommendation should be approved, confirmed and adopted by the Court; and that the Respondent, Ken M. McLaughlin, should be suspended form the practice of law for a period of one year, retroactive to September 21, 2005. It is, therefore,

**ADJUDGED AND ORDERED** that the Board of Professional Responsibility's Report and Recommendation to the Wyoming Supreme Court, which is attached hereto and incorporated herein, shall be, and the same hereby is, approved, confirmed, and adopted by this Court; and it is further

**ADJUDGED AND ORDERED** that, as a result of the conduct set forth in the Report and Recommendation, Respondent Ken M. McLaughlin shall be, and hereby is, suspended from the practice of law for a period of one year, with that period of suspension beginning on September 21, 2005; and it is further

**ORDERED** that, pursuant to Rule 26 of the Disciplinary Code for the Wyoming State Bar, Ken M. McLaughlin shall reimburse the Wyoming State Bar the amount of $101.13,

representing the costs incurred in handling this matter, as well as pay an administrative fee of $1,000.00, by paying the amount of $1,101.13 to the Clerk of the Board of Professional Responsibility, on or before September 1, 2006; and it is further

**ORDERED** that, pursuant to Rule 4(c) of the Disciplinary Code for the Wyoming State Bar, this Order Suspending Attorney from the Practice of Law, along with the incorporated Report and Recommendation, shall be published in the Wyoming Reporter and the Pacific Reporter; and it is further

**ORDERED** that the Clerk of this Court shall docket this Order Suspending Attorney from the Practice of Law, along with the Report and Recommendation, as a matter coming regularly before this Court as a public record; and it is further

**ORDERED** that the Clerk of this Court transmit a copy of this Order Suspending Attorney from the Practice of Law to the members of the Board of Professional Responsibility, and the clerks of the appropriate courts of the State of Wyoming.

/s/William U. Hill
WILLIAM U. HILL, Chief Justice

**REPORT AND RECOMMENDATION TO
THE WYOMING SUPREME COURT**

The Board of Professional Responsibility makes the following report and recommendation, with its findings of fact, conclusions of law, and recommendation to the Supreme Court of Wyoming:

**FINDINGS OF FACT AND
CONCLUSIONS FOR
LAW FOR # 2005–13**

1. Respondent is currently a suspended member of the Wyoming State Bar pursuant to the Order of Interim Suspension from the Wyoming Supreme Court dated 21 September 2005 and the Order Granting Motion to Extend Interim Suspension dated 4 April 2006. A copy of the Petition for Interim Suspension is attached hereto.

2. Beginning in January 2005, Respondent represented Waldos in regard to a real estate matter. They had several meetings

about the issues that winter. Waldos paid Respondent $836.00.

3. Waldos were served with a summons for a suit in Idaho. A copy of the summons and complaint was faxed to Respondent on 23 April 2005. Respondent met with Waldos regarding the matter on 29 April 2005.

4. Respondent told Waldos that Respondent would retain an Idaho attorney to handle the matter from that end.

5. Respondent was informed that on 25 May 2005, Waldos received a Motion for Default and various accompanying documents in regard to the Idaho suit. The documents were also served on Respondent.

6. Waldos called Respondent and left messages on his answering machine on 25 May, 26 May and 27 May 2005. Respondent did not call them back.

7. Waldos called again on 27 May 2005 and talked to Respondent. Respondent told them that Respondent did not have time to handle their case and would drop off the file to them.

8. Respondent was informed that on 2 June 2005 Waldos received the Judgment by Default, Motion for Order for Writ of Continuing Garnishment, and supporting documents, all of which again had been served on him.

9. Respondent violated Rules 1.1, 1.3 and 1.4 of the Wyoming Rules of Professional Conduct by failing to act competently and diligently to respond to the complaint and/or retain Idaho counsel to respond to the complaint such that a default judgment was not taken against Waldos and by failing to adequately communicate with his clients.

### FINDINGS OF FACT AND CONCLUSIONS FOR LAW FOR # 2005-24

10. In the summer and fall of 2005, Respondent failed to diligently pursue a matter for his client, Vanderbilt Mortgage and Finance. Later, when his client decided to retain new counsel, Respondent did not transfer their files and documents to their new attorney.

11. Respondent violated Rules 1.3 and 1.4 of the Wyoming Rules of Professional Conduct by failing to diligently pursue the matter for this client and by failing to transfer their files and documents to their new attorney.

### RECOMMENDATIONS FOR # 2005-13 AND # 2005-24

12. As an appropriate sanction for his violations of Wyoming Rules of Professional Conduct, Respondent agrees to be suspended for one year from the date of the original Order of Interim Suspension, which would be until 21 September 2006. Respondent is aware that if this is approved, Respondent will not be able to practice law. If in the future Respondent wants to again practice law, Respondent must seek reinstatement under the Disciplinary Code.

13. Respondent further agrees that the following will be provided in a press release:

"Pinedale Attorney Ken McLaughlin was suspended for one year from the date of his Order of Interim Suspension, 21 September 2005, by order of the Wyoming Supreme Court on _____. Mr. McLaughlin failed to provide competent legal services in a timely fashion and to properly communicate with his clients in two cases which violated Rules 1.1, 1.3, and 1.4 of the Wyoming Rules of Professional Conduct.

Mr. McLaughlin stipulated to these facts and consented to this discipline. The Board of Professional Responsibility approved the stipulation, recommending that the Wyoming Supreme Court place Mr. McLaughlin on disability inactive status. After reviewing the record and recommendation, the Wyoming Supreme Court entered its order suspending Mr. McLaughlin for one year from the date of its interim suspension order. The Order also required Mr. McLaughlin to pay some of the costs of the Wyoming State Bar for prosecuting these matters."

14. Respondent further agrees that Respondent will reimburse the Wyoming State Bar for the costs of handling this matter and pay the administrative fee of $500.00 for each

of the cases, totaling $1000.00 no later than 1 September 2006.

## PETITION FOR INTERIM SUSPENSION

The Wyoming State Bar, through Bar Counsel, hereby requests this Court, pursuant to Section 17 of the Wyoming Disciplinary Code, to enter an Order of Interim Suspension as to Ken M. McLaughlin. This Petition is based on the following:

1. By letter of June 7, 2005, the Wyoming State Bar sent to Ken M. McLaughlin a copy of a complaint and supporting documents filed by his clients/former clients Linden and Colleen Waldo. The Bar requested a response from McLaughlin by June 21, 2005.

2. On June 29, 2005, Sandy Inniss, Assistant to Bar Counsel, called McLaughlin to inquire as to the status of his response. He told her it was on the way. It was not received.

3. On July 6, 2005, after the response was still not received, Inniss again called McLaughlin who this time stated that it was in the mail that day. Nothing was received.

4. On July 13, 2005, a certified letter was sent by the Bar to inform him that formal charges would be filed if he did not respond by July 21, 2005. McLaughlin signed for that letter on July 20, 2005, but still provided no response.

5. Bar Counsel called McLaughlin on August 10, 2005 and left a message to inform him that this Petition would be filed if his response was not received by August 12, 2005.

6. To date, no response has been filed.

7. Section 17(b) of the Disciplinary Code provides that this Court may enter an Order of Interim Suspension if the Court finds "probable cause to believe that respondent poses an imminent threat of substantial harm to the public" if he is allowed to continue practicing law. This is a change from the prior Disciplinary Code standard.

8. It is not uncommon for respondents to request additional time for a response. With few exceptions, an extension is granted as the Bar prefers a complete and accurate response to simply a quick response.

9. It is quite unusual for a respondent to simply fail and refuse to respond to a grievance, but particularly unusual for a respondent to repeatedly claim that the response is on the way and in the mail when it is not.

10. The concern of the Bar is that McLaughlin, if allowed to continue practicing law, is taking on legal matters for clients that he is either unable or unwilling to complete and that the clients will be substantially harmed by his actions or inactions for those clients.

11. In the present case, McLaughlin never asked for an extension, but instead led the Bar to believe on 2 occasions that the response had been done and was on its way.

12. The Bar understands that an Interim Suspension is a harsh remedy and is mindful of the July 25, 2004 Order Denying Petition for Interim Suspension regarding Kevin Meenan. In regard to the factors that the Court will consider which are listed on the second page of that Order, the following are applicable in this case, keeping in mind, however, that the new Section 17 of the Disciplinary Code differs from the language under which was decided:

—Attorney's immediate conduct leading to the Petition: Those actions are listed above.

—Whether the conduct is on-going. Yes, the conduct is on-going which is the major concern of the Bar—not so much the failure to respond to Bar Counsel, but the general fear that McLaughlin is not properly handling his client matters. This is particularly true since that is the basis of the grievance that started this process.

—Attorney's explanation. There has been no explanation or response.

—Why the perceived harm is irreparable. At this point, there is no evidence of irreparable harm, but there is a real fear of it. As stated above, if McLaughlin has "lied" to Bar Counsel about the response being sent in and since the grievance is in regard to not getting work done and abandoning a client, there is certainly probable cause for concern

that other work is not or will not get done which could seriously injure a client.

—The particular Rule implicated in the conduct. Rule 8.1(b) of the Rules of Professional Conduct and Rule 2(c) of the Disciplinary Code require an attorney to respond to inquiries in the disciplinary process. In addition, in regard to the underlying grievance WRPC 1.1, 1.2, 1.3, and 1.4 are implicated in his dealing with the complainants. More information as to the exact nature of the complaint can be provided, but are not included herein as the Court may eventually see this matter in another situation and the Bar does not wish to provide only one side of the complaint without benefit of a response by McLaughlin. Suffice to say at this point, however, that the same type of dilatory conduct is alleged.

—Has formal bar discipline been initiated? At this time, a formal file is open for investigation. Section 17(c) of the Disciplinary Code requires that a formal charge be filed within 15 days of an Order of Interim Suspension, which will be done as required. No formal charge has been filed at this point as it would have to include only the allegations of the complainant, again without benefit of a response or even much investigation, which the Bar is hesitant to do.

—There is no related civil or criminal action in regard to McLaughlin of which the Bar is aware.

—Harm to the attorney by the suspension. There is no unusual harm other than that related to any suspension.

[Many of the other factors relate specifically to Meenan and are not relevant to this analysis, so will be omitted.]

—McLaughlin has no disciplinary record.

—The balance of harm to the public v. the attorney. A suspension always hurts the attorney more than the public since any potential client can go to another attorney. The concern here and the basis for this Petition is the worry that McLaughlin is simply and for whatever reason, not tending to business.

—Public interest. There is no public interest concern here other than to protect clients.

For these reasons, the Wyoming State Bar requests that this Court enter an Order of Interim Suspension in regard to Ken McLaughlin which directs him to immediately stop practicing law and to comply with the requirements of Section 22 of the Disciplinary Code pending a final determination of this grievance matter.

## AFFIDAVIT OF BAR COUNSEL REBECCA A. LEWIS

Rebecca A. Lewis, being duly sworn, and of legal age, states:

1. I am Bar Counsel for the Wyoming State Bar and have been since late 2001.

2. I am familiar with and have examined Board of Professional Responsibility File No.2005–13.

3. In my capacity as Bar Counsel I know that the facts asserted in the attached Petition for Interim Suspension are true and accurate to the best of my knowledge.

***Respectfully submitted August 12, 2005.***

/s/Rebecca Lewis

**Rebecca A. Lewis,** *Bar Counsel*

WYOMING STATE BAR

P.O. BOX 109

CHEYENNE, WY 82003-0109

(307)632-9061

STATE OF WYOMING

COUNTY OF LARAMIE

Subscribed and sworn before me, a Notary Public in and for the State of Wyoming, by Rebecca A. Lewis, Bar Counsel, August 12, 2005.

Witness my hand and official seal.

/s/Sandra J. Anniss

Notary Public